Dear Mr. Guidry:
You have asked for an Attorney General's opinion concerning the Louisiana State Child Death Review Panel on the following issues:
 1. Do Louisiana's open meetings laws (LSA-R.S. 42:4.1 et seq) apply to Louisiana Child Death Review Panel meetings? If so, because of the need to balance confidentiality concerns with the right of the public access to meetings of public bodies, could the Panel conduct an open meeting when dealing with the business portions of the Panel meetings, and hold executive or closed meetings for actual case discussions and review?
 2. Can Panel members designate an "alternate" to attend meetings when the actual Panel member is unavailable? If so, can the "alternate" vote? Would there be any differences in reference to confidentiality concerns when alternates are in attendance at the meetings?
 3. If local or regional panels are established, as provided by LSA-R.S. 40:2019(D)(2), does the statute as presently written, restrict the membership of local/regional panels? Would members of the local/regional panels have access to the same information as the state panel or would there be additional confidentiality restrictions imposed on those panels?
In order to determine whether the Louisiana Child Death Review Panel (hereinafter "the Panel") is subject to Louisiana's open meetings laws, we must first determine whether the Panel constitutes a public body under those provisions. LSA-R.S.42:4.2(A)(2) provides the following definition:
 "Public Body" means any village, town, and city governing authorities; parish governing authorities; school boards; and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions, or authorities, and those of any other parish, state, municipal, or special district boards, commissions, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
As an entity legislatively created pursuant to LSA-R.S. 40:2019
and established within the Department of Health and Hospitals, it is our opinion that the Panel qualifies as a public body for purposes of the open meetings laws.
You ask to what degree the Panel's meetings would be open to the public. Your concern is that the confidentiality of certain information would be compromised if public access were allowed to all meetings of the Panel.
Generally, meetings of public bodies shall be open to the public unless a valid exception applies allowing the public body to hold an executive session on a particular matter. LSA-R.S. 42:5. As part of its functions and duties, the Panel is mandated to establish protocol for and conduct child death investigations. LSA-R.S. 40:2019(D).
Under LSA-R.S. 42:6.1(A)(4), a public body may hold an executive session for "investigative proceedings regarding allegations for misconduct." The investigations conducted by the Panel into unexpected child deaths would fall within the scope of this provision and, therefore, exempt this portion of any Panel meeting from public access.
In support of this conclusion, we direct you to Opinion Number 94-19, wherein this office stated that LSA-R.S. 40:2019, when read in conjunction with portions of the Public Records Act, removed from Public Records scrutiny any autopsy of a child when that autopsy is part of the record of the Panel or when the death of the child is connected with a criminal investigation. The same reasoning holds true when the authorizing statute, LSA-R.S.40:2019, is read together with LSA-R.S. 42:6.1(A)(4).
Therefore, while the Panel is still generally obligated to conduct its meetings as open to public access pursuant to the open meetings laws, executive sessions may be called to discuss and deliberate death investigations. Please note, however, that no final or binding action may be taken in executive session. LSA-R.S. 42:6.
Your second question asks whether a Panel member may designate an alternate to attend meetings of the Panel when that member is unable to attend. There is a general statutory prohibition against the representation of a member of a public body by a proxy. LSA-R.S. 42:5(B) mandates that, "[e]ach public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8."
As provided in LSA-R.S. 40:2019(C), the Panel consists of ten (10) members. Of these members, six have limited proxy authority; subsection (C), in pertinent part, states:
 Members of the panel shall include:
 (1) The state health officer, or his designee. (2) The secretary of the Department of Health and Hospitals, or his designee. (3) The secretary of Department of Social Services, or his designee. (4) The superintendent of the office of state police, or his designee. (5) The state registrar of vital records in the office of public health, or his designee. (6) The attorney general, or his designee.
This enabling legislation allows for proxy representation of members of the Panel with regard to these six specific members. The remaining four (4) members do not have this authority.
However, this proxy authority only extends to the specifically named officials in the above cited subsection. Once proxy is appointed (i.e., by designation of the official), there may not be subsequent proxy appointment by the designee to another individual. Should occasion arise where that designee cannot attend a Panel meeting and representation is still desired, that designee should notify his or her authorized appointing official, who may then designate another as a representative. Only by this mechanism should proxy be allowed for Panel meetings and action.
Finally you asked what restrictions apply to the establishment, membership, and powers of local or regional panels created pursuant to LSA-R.S. 40:2019(D)(2). That subpart states that, "[t]he panel my establish local and regional panels to which it may delegate some or all of its responsibilities under this section."
This provision confers upon the Panel the power to designate and delegate to local panels as it deems necessary. This discretionary authority is unlimited, notwithstanding the fact that the Panel may not delegate authority that it does not statutorily possess. Therefore, no restriction appears to exist with regard to the membership makeup of these local panels. Also, should the Panel exercise this authority, the local panels may have access to the same information as the State Panel.
I trust that this sufficiently addresses your concerns. Please call our office if you have any further questions.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb